UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NYESHA RUSSELL,** ) | |
| ) | **Case No.:** |
| Plaintiff**,** ) | |
| ) | **COMPLAINT AND DEMAND** |
| **v.** ) | **FOR JURY TRIAL** |
| ) | |
| **TRANSWORLD SYSTEMS, INC.,** ) | **(Unlawful Debt Collections** |
| ) | **Practices)** |
| Defendant. ) | |
| ) | |

## COMPLAINT

NYESHA RUSSELL ("Plaintiff"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against TRANSWORLD SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §

1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant regularly conducts business in the Commonwealth of Pennsylvania, therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19150.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its principal place of business located at 507 Prudential Road, Horsham Pennsylvania 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone.

13. Plaintiff has only used this phone as a cellular telephone.

14. Beginning in or around February 2017 and continuing through March 2017, Defendant began calling Plaintiff repeatedly and continuously, regarding an alleged Dental Solutions debt that was incurred primarily for personal, family or household purposes.

15. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (215) 845-0953 and (215) 989-4083. The undersigned has confirmed that both numbers belong to Defendant.

16. When contacting Plaintiff, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

17. Plaintiff knew Defendant was using an automatic telephone dialing system and/or pre-recorded voice as she received automated calls that would begin with a pre-recorded voice.

18. Soon after the calls began, Plaintiff told Defendant to stop calling her as she was unable to make payments on this account as she was not employed.

19. Once Defendant was aware that its calls were unwanted, its continued calls could have served no lawful purpose other than harassment.

20. However, Defendant ignored Plaintiff's request to cease calling and continued to call her, knowing the calls were unwanted.

21. Defendant's calls were especially disruptive to Plaintiff as they contacted her while she was in the hospital during the month of March 2017.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

22. A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

23. A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

24. Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff throughout January 2017 and into March 2017, and continued calling after she requested calls to cease knowing its calls were unwanted.

## COUNT II
## **DEFENDANT VIOLATED THE TCPA**

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

27. Defendant's calls to Plaintiff were not made for "emergency purposes."

28. Defendant's calls to Plaintiff after she revoked consent were not made with Plaintiff's prior express consent.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, NYESHA RUSSELL, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    h. Any other relief deemed fair and proper by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, NYESHA RUSSELL, demands a jury trial in this case.

Respectfully submitted,

Dated: May 17, 2017

/s/ Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT